UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| INSURANCE AUTO AUCTIONS, INC.,<br><br>Plaintiff,<br>v.<br><br>CARTERET FIRE DEPARTMENT, HOPELAWN FIRE DEPARTMENT, ISELIN FIRE DEPARTMENT #11, ISELIN FIRE DEPARTMENT #9, PERTH AMBOY FIRE DEPARTMENT, PORT READING FIRE DEPARTMENT, SOUTH AMBOY FIRE DEPARTMENT, SAYREVILLE FIRE DEPARTMENT, FORDS FIRE DEPARTMENT, METUCHEN FIRE DEPARTMENT, MIDDLESEX COUNTY FIRE MARSHAL, STATE OF NEW JERSEY, NATIONAL FOAM INC., JOHN DOES 1-99 ABC CORPORATIONS 1-99, AND PUBLIC ABC PUBLIC ENTITIES | Civil Action No.<br><br>**NOTICE OF REMOVAL**<br>**JURY TRIAL DEMANDED** |

**DEFENDANT NATIONAL FOAM, INC.'S**
**NOTICE OF REMOVAL**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, defendant National Foam, Inc. ("National Foam") hereby removes this action, captioned at *Insurance Auto Auctions, Inc. v. Carteret Fire Department, et al.*, Docket No. MID-L-1809-21, from the Superior Court of New Jersey, Law Division: Middlesex County, to the United States District Court for the District of New Jersey.

**I.     STATE COURT PROCEEDINGS**

1. On March 24, 2022, Plaintiff, Insurance Auto Auctions, Inc., filed its Complaint in the Superior Court of New Jersey, Law Division: Middlesex County.[1]

2. Plaintiff sues the following alleged defendants (the "New Jersey Fire

---
[1] *See* Complaint, attached hereto as Exhibit "A".

1

Departments") as "bod[ies] corporate and public of the County of Middlesex, State of New Jersey":

- Carteret Fire Department
- Hopelawn Fire Department
- Iselin Fire Department #9
- Iselin Fire Department #11
- Perth Amboy Fire Department
- Port Reading Fire Department
- South Amboy Fire Department
- Sayreville Fire Department
- Fords Fire Department
- Metuchen Fire Department
- Middlesex County Fire Marshall[2]

3.  Plaintiff sues the State of New Jersey as a Body Corporate and Politic.[3]

4.  Plaintiff sues National Foam as a Delaware corporation with a principal place of business in North Carolina.[4]

5.  Plaintiff's complaint arises out of a fire that occurred on March 26, 2020, on its premises located at 700 Federal Boulevard, Carteret, New Jersey.[5] Plaintiff alleges that the New Jersey Fire Departments responded to the fire and applied Universal Gold aqueous film forming foam ("AFFF") to the fire that was produced by National Foam.[6]

6.  Plaintiff alleges that the State of New Jersey "authorized, supplied and/or instructed the Fire Department Defendants to use Universal Gold AFFF."[7] *Id.* at ¶¶ 25.

7.  The complaint raises the following causes of action against National Foam: (1) products liability; (2) strict products liability – failure to warn; (3) negligent common law products

---

[2] *Id.* at ¶¶ 2-12.
[3] *See id.* at ¶ 13.
[4] *See id.* at ¶ 14.
[5] *See id.* at ¶ 17-27.
[6] *Id.*
[7] *See id.* at Counts One, Two, Three, Five and Nine.

2

liability; (4) violation of the NJ Spill Act, pursuant to N.J.S.A. 58:10-23.11; and (5) private nuisance.[8]

8.  The remaining causes of action in the Complaint are against the New Jersey Fire Departments and the State of New Jersey for claims that are precluded due to sovereign immunity. Those causes of action include: (1) violation of the NJ Spill Act, pursuant to N.J.S.A. 58:10-23.11; (2) "palpably unreasonable conduct"; (3) private nuisance; and (4) trespass upon land.

9.  The time for removal begins to run when the removing defendant is formally served with process.[9] National Foam was served with process on April 1, 2022. National Foam files this Notice of Removal 30 days from filing date of the Complaint. Accordingly, this Notice of Removal is timely filed.[10]

10.  There are no proofs of service on the docket, as required by New Jersey Rule of Court 1:5-3, and thus, National Foam is unaware of whether any other defendant in this case has been formally served with process.

## II.  VENUE AND JURISDICTION

11.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 84, 1391, 1441(a) and 1446(a) because the Superior Court of New Jersey, where the Complaint was filed, is a state court within the District of New Jersey.

12.  Federal courts have original jurisdiction over "all civil actions where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between . . . citizens of different States" and in actions between "citizens of a State and citizens or subjects of a foreign state […]"[11]

---

[8] *See id.* at Counts Four, Six, Seven, Eight, Nine and Ten.
[9] *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48, 354 (1999).
[10] *See* 28 U.S.C. § 1446(b)(1).
[11] 28 U.S.C. § 1332(a)(1), (2).

13. Removal from a state court to a federal court is thus proper under 28 U.S.C. § 1332 when: (1) there is complete diversity between the parties and (2) the amount in controversy exceeds $75,000, exclusive of costs and interest.

14. A copy of the state court docket is attached hereto as Exhibit "B".

15. By filing a Notice of Removal in this matter, National Foam does not waive the rights of any defendant to object to service of process, the sufficiency of process, jurisdiction over the person, or venue, and National Foam specifically reserves the rights of all defendants to assert any defenses and/or objections to which they may be entitled.

16. Moreover, National Foam reserves the right to amend or supplement this Notice of Removal.

17. If any question arises as to the propriety of the removal of this action, National Foam requests the opportunity to present a brief and requests oral argument in support of removal.

18. As shown below, this case is removable to federal court based on diversity jurisdiction under 28 U.S.C. § 1332.

## III. REMOVAL IS PROPER BASED ON DIVERSITY JURISDICTION

### A. There is Complete Diversity of Citizenship

19. "Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants."[12]

20. For purposes of determining a federal court's subject matter jurisdiction based on diversity of citizenship, a corporation is considered to be a citizen of the state of its incorporation and the state where it has its principal place of business."[13]

---

[12] *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).
[13] *See* 28 U.S.C. § 1332(a).

4

21. Plaintiff pleads that it is a corporation incorporated in Illinois with a principal place of business in Illinois.[14]

22. Plaintiff pleads that the New Jersey Fire Departments and the State of New Jersey are bodies corporate and politic of the state of New Jersey.[15]

23. Plaintiff pleads that National Foam is a corporation incorporated in Delaware with a principal place of business in North Carolina.[16]

24. Plaintiff also sues John Does 1-99, ABC Corporations 1-99 and ABC Public Entities 1-99, *See Complaint* at ¶ 15. but, for a diversity analysis, "the citizenship of defendants sued under fictitious names shall be disregarded."[17]

25. Because plaintiff is a citizen of Illinois and defendants, National Foam, the State of New Jersey and the New Jersey Fire Departments are not citizens of Illinois, complete diversity exists among the parties to this action.

26. National Foam believes that the New Jersey Fire Departments and the State of New Jersey are subject to sovereign immunity pursuant to N.J.S.A. 59:1-1 et seq., and are therefore fraudulently joined.

27. Moreover, the site in question is in close proximity to the Newark International Airport, which the FAA requires to use Mil-Spec AFFF, such that any PFAS on-site is likely partially the fault of the airport and therefore, federal officer removal applies here pursuant to 28 U.S.C. § 1442(a)(1).

---

[14] *See* Ex. A, at ¶ 1.
[15] *See id* at ¶¶ 2-13.
[16] *See id*. at ¶ 14.
[17] 28 U.S.C. § 1441(a).

5

### B. The Amount in Controversy Requirement is Satisfied

28. The amount in controversy requirement of 28 U.S.C. § 1332 is also satisfied. The amount in controversy in a case where federal jurisdiction is based on diversity of citizenship must exceed $75,000, exclusive of interest and costs.[18] As the Supreme Court has made clear, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."[19] Where the complaint does not specify a precise dollar amount sought, the Court may determine whether the amount-in-controversy requirement is satisfied based on a "a reasonable reading of the value of the rights being litigated."[20] While National Foam denies that plaintiff is entitled to any monetary or other relief, the amount in controversy here is plainly in excess of the jurisdictional minimum.

29. In this action, Plaintiff is seeking monetary damages based on 10 distinct Claims of Relief, and Plaintiff seeks to recover, *inter alia*, monetary damages (1) "for all costs to investigate, clean up and remove, restore, treat, monitor, and otherwise respond to PFOS and PFOA contamination"; (2) costs of past and future testing of the Federal Boulevard Site until restored to non-detectable level and/or the New Jersey Department of Environmental Protection releases a No Further Action Letter"; (3) "all costs related to the investigation, cleanup, restoration, treatment and monitoring of PFOS and/or PFOA"; (4) "all damages in an amount at least equal to the full cost of restoring the Federal Boulevard Site to its original condition"; and (5) punitive damages.[21]

30. Any reasonable reading of Plaintiff's allegations confirms that the amount-in-controversy requirement is satisfied in this matter.

---

[18] *See* 28 U.S.C. § 1332(a).
[19] *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014); *see also* 28 U.S.C. § 1446(c)(2) ("the notice of removal may assert the amount in controversy").
[20] *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 666 (3d Cir. 2002) (quoting *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d. Cir. 1993)).
[21] Ex. A, at WHEREFORE clause.

### III. NATIONAL FOAM HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL UNDER 28 U.S.C. § 1446

31.     This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

32.     The United States District Court for the District of New Jersey embraces the county in which the state court action is now pending.  Therefore, this action is properly removed to this Court pursuant to 28 U.S.C. 1446(a).

33.     As discussed *supra* in Section II, this Court has original jurisdiction over this action based on diversity.

34.     Pursuant to 28 U.S.C. § 1446(d), Defendants are filing written notice of this removal and a copy of the Notice of Removal with the clerk of the Superior Court of Middlesex County and will serve a copy of this Notice of Removal and its attachments on all parties to the removed action.

WHEREFORE, Notice is given that this action is removed from the Superior Court of New Jersey, Law Division: Middlesex County, to the United States District Court for the District of New Jersey.

Date: April 8, 2022                              Respectfully Submitted,

*/s/ Keith E. Smith*
Keith E. Smith
Greenberg Traurig, LLP
1717 Arch Street, Suite 400
Philadelphia, PA 19103
P: (215) 988-7843
smithkei@gtlaw.com
*Counsel for Defendant,*
*National Foam, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was electronically filed with this Court's CM/ECF on this 8th day of April, 2022 and was thus served electronically upon counsel of record.

*/s/ Keith E. Smith*
Keith E. Smith